UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Application of Carice Duke For an Order Seeking Discovery Pursuant to 28 U.S.C. § 1782

**OPINION & ORDER**

26 Misc. 458 (ER)

RAMOS, D.J.:

Applicant Carice Duke applies *ex parte* for an order to conduct discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. Duke's *ex parte* application is GRANTED. Duke is authorized to issue and serve *subpoenas duces tecum* upon the following entities: the New York City Office of Labor Relations – Deferred Compensation Plan ("OLR-DCP"), the New York City Department Of Sanitation ("DSNY"), the Uniformed Sanitationmen's Association – Local 831 ("Local 831"), JP Morgan Chase Bank, N.A. ("Chase"), and Municipal Credit Union ("MCU").

## I. SUMMARY OF FACTS

Duke and her husband, Lawrence Duke, are parties in a pending divorce proceeding before the High Court of Trinidad and Tobago. Doc. 12 at 2. Duke contends her husband has "intentionally concealed and failed to declare his marital assets." *Id.* Duke requests assistance obtaining discovery consisting of her husband's asset, employment, and banking records to ultimately achieve a "fair and equitable division of marital property," Doc. 12 at 2. She seeks records of her husband's long-term employment earnings, deferred compensation balances, union benefits, and domestic bank accounts in this action. *Id.*

Duke intends to directly introduce the discovery in the divorce proceedings "to establish the true value of the marital estate." Doc. 12 at 5. Duke's attorney, Amerelle T.S. Francis, states that the documents sought by Duke are admissible under the Family

Proceedings Rules of Trinidad and Tobago. Doc. 13 at 11. Francis further adds that the High Court of Trinidad and Tobago lacks extraterritorial jurisdiction to compel U.S. entities to produce documents and is receptive to judicial assistance provided under § 1782. *Id.*

Duke seeks specific records from each respondent. From OLR-DCP, Duke seeks the account statements for her husband's deferred compensation account. *Id.* 3–4. From DSNY, Duke seeks her husband's employment files, W-2 forms, and final payroll logs. *Id.* From Local 831, Duke seeks records on her husband's union annuity and supplemental accrual fund. *Id.* And from Chase and the Municipal Credit Union, Duke seeks any monthly checking, savings, and loan statements held individually or jointly by her husband. *Id.* Duke asserts that all respondents "maintain principal corporate seats, operational headquarters, or registered agents for service of process inside the territorial boundaries of this Court." Doc. 13 ¶ 18.

Duke filed an Application for Judicial Assistance pursuant to 28 U.S.C. § 1782 on September 16, 2026. Doc. 1. Applicant then filed a motion to sever and transfer claims on September 21, 2026. Doc. 6. The Court denied the request and instead directed Duke to file an amended petition in this Court and file separately against other respondents if she so chose. Doc. 10. Duke proceeded to file an amended petition with supporting documents on October 8, 2026. Docs. 11, 12, 13, and 14.

## II. LEGAL STANDARD

To order discovery and assist foreign litigants under 28 U.S.C. § 1782 (a), the Court follows a two-step process: "First, it must determine whether the [§] 1782 application has met the statute's baseline requirements, meaning that "(1) the person from whom discovery is sought resides (or is found) in the district[,] (2) the discovery [is] for use in a proceeding before a foreign tribunal, and (3) the application [was] made by ... an[ ] interested person". . .. Second, the court must consider the discretionary factors that the Supreme Court articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S.

241 (2004)." *In Re Youngpoong Corp.*, No. 25-3100, 2026 WL 1085046, at *1 (2d Cir. Apr. 22, 2026) (summary order). The discretionary factors "are not to be applied mechanically." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018). The discretionary factors are as follows: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004)).

Courts routinely grant these applications ex parte. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte"). "The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.* (collecting cases).

## III. ANALYSIS

Duke has established all three requirements of § 1782. The Respondents are all found in the Southern District of New York. Doc. 13 ¶ 18. The discovery is for use in Duke's divorce proceeding abroad, which Duke is an interested person in as a party to the proceeding herself. Doc. 12 at 2.

The discretionary factors similarly weigh in Duke's favor. The respondents Duke seeks discovery from are not participants in the divorce proceeding. Doc. 11. *Id.* There is no indication that the High Court of Trinidad and Tobago is unreceptive to this Court's assistance. *See* Doc. 13 at 11. "Absent specific directions to the contrary from a foreign

forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance.” *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995). The foreign proceeding is a divorce action in which the parties have a duty to disclose evidence of their financial position. *See* Doc. 13 at 15–24. And records like those sought in Duke’s application appear to be admissible in the High Court of Trinidad and Tobago. *See* Doc. 13 at 11. Duke is attempting to expose what she suspects is her husband’s effort to disclose his true financial position, and does not appear to be circumventing any proof-gathering restrictions herself. *See* Doc. 12 at 2. Finally, the request is not “unduly intrusive or burdensome.” Duke has targeted and narrowed the request made to each Respondent. *See* Doc. 11 at 2. Her requests are not unduly intrusive nor burdensome.

## IV. CONCLUSION

For the reasons stated above, Duke’s application for an order to conduct discovery pursuant to § 1782 is GRANTED. The Clerk of Court is respectfully directed to terminate the open motion, Doc. 11.

It is SO ORDERED.

Dated: October 9, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.